```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION

JACKIE GRANT,                    )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   Case No. 2:06CV61 JCH
                                 )
TINA SMITH,                      )
                                 )
         Defendant.              )
```

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Jackie Grant (registration no. 317066), an inmate at Womens' Eastern Reception, Diagnostic and Correctional Center (WERDCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of her prison account statement for the six-month period immediately preceding the submission of her complaint. A review of applicant's account indicates an average monthly deposit of $9.92, and an average monthly balance of $0.49. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490

U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement at WERDCC. Defendant, Tina Smith, is a correctional officer at WERDCC. Plaintiff seeks injunctive relief, i.e., that defendant be discharged from her duties at WERDCC.

Plaintiff alleges that, on January 3, 2006, at 1:00 a.m. she was using the toilet when defendant entered the restroom and instructed plaintiff not to flush. Defendant noted to plaintiff that the restroom contained cigarette smoke, and she suspected that plaintiff had been smoking in violation of the prison's policy against smoking inside buildings. Plaintiff claims that when she

finished using the toilet, defendant handed her a pair of gloves and told her to "move the toilet paper around in the toilet." Plaintiff alleges that she told defendant that she did not want to put her gloved hand into the toilet because it contained feces. Defendant then told plaintiff that she would have to move the contents within the toilet around with her hand or else defendant would issue plaintiff a violation for smoking. Plaintiff claims that she chose to comply with defendant's instructions rather than accept a violation. Defendant then concluded that plaintiff had not been smoking, and no violation was issued. Plaintiff alleges that, as a result of the incident, she is now afraid to use the restroom.

**Discussion**

To prevail on a claim under 42 U.S.C. § 1983 for unconstitutional conditions of confinement, plaintiff must demonstrate both that defendant acted with subjective deliberate indifference to plaintiff's needs and that the alleged deprivations are sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official acts with deliberate indifference when that "official knows of and disregards an excessive risk to inmate health or safety . . ." Id. At 837. For an alleged deprivation to be objectively sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized

measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff has not alleged sufficient facts to show that defendant acted with the requisite deliberate indifference. Plaintiff claims that defendant gave her a pair of gloves, which would have protected her hands from coming into contact with the contents of the toilet. Nor has plaintiff alleged sufficient facts to show that the alleged deprivation was sufficiently serious. Plaintiff has not alleged that any part of her body came into contact with the contents of the toilet. While plaintiff may have found the incident to be unpleasant, such unpleasantness is not "cruel and unusual" within the meaning of the Eighth Amendment. Rhodes, 452 U.S. at 349. Moreover, plaintiff's failure to allege that she suffered physical injury as a result of the incident belies any contention of its objective severity. As a result, the complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B) and will be dismissed prior to service.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it:

(1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 15th Day of <u>December</u>, 2006.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**